IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
OLD WASHINGTON DIVISION
No. 6:69-CV-702-H

RONDA EVERETT, MELISSA GRIMES, )
CAROLINE SUTTON, and CHRISTOPHER )
W. TAYLOR, next friends of minor )
children attending Pitt County )
schools, and THE PITT COUNTY )
COALITION FOR EDUCATING BLACK )
CHILDREN, )
                                     )
      Plaintiffs, )
                                     )
   v. )
                                     )      **ORDER**
JUVENILE FEMALE 1 and THE )
GREENVILLE PARENTS ASSOCIATION, )
                                     )
     Plaintiffs-Intervenors, )
                                     )
   v. )
                                     )
THE PITT COUNTY BOARD OF )
EDUCATION, public body )
corporate, )
                                     )
      Defendant. )

This matter is before the court on plaintiffs' Motion for Injunctive and Other Relief, filed April 19, 2011 [DE #80]. Defendant filed a written response, and the time for further filings has expired.[1] On August 16, 2011, a hearing was held in

---

[1] Plaintiffs-intervenors did not file a written response but did appear and present arguments at the hearing on plaintiffs' motion.

this matter at which time the court heard arguments of counsel for plaintiffs, defendant and plaintiffs-intervenors.

## BACKGROUND

This is a consolidated action involving two school desegregation cases dating back to 1969. In July 2008, this court reopened and consolidated the cases following the defendant School Board's filing of a motion seeking judicial approval of its 2006-2007 student assignment plan. Plaintiffs-intervenors objected and asked the court to declare the Pitt County School system unitary and no longer subject to the desegregation orders previously entered by the court (Judge John D. Larkins, Jr., presiding) in 1970. In or around April 2009, the parties resolved their dispute. At the parties' request, the court entered an order, on November 4, 2009, approving the parties' settlement and the defendant School Board's 2006-2007 student assignment plan and revised school attendance area policy.

In its order approving the settlement, the court questioned whether the 1970 desegregation orders should be lifted. Consequently, the court ordered the parties to "work toward attaining unitary status so that the court may relinquish jurisdiction over this case and restore to the School Board full responsibility for the operation of its schools." The court further ordered the parties to submit, on or before December 31,

2

2012, "a report detailing the School Board's efforts and progress in achieving unitary status and eliminating the vestiges of past discrimination to the extent practicable."

In contemplation of opening a new elementary school (Lakeforest Elementary, which is scheduled to open August 25, 2011), the defendant School Board, in June 2010, began the process of developing a new student assignment plan for the 2011-2012 school year. The School Board held various workshops and public meetings at which various proposals were considered. Ultimately, the School Board adopted the ES-5 plan developed and presented at its August 16, 2010, board meeting.

Plaintiffs seek to enjoin implementation of the 2011-2012 plan, arguing that it creates a racially identifiable non-Caucasian student body at Lakeforest Elementary and increases racial isolation of non-Caucasian students at two other schools, Elmhurst Elementary and South Greenville Elementary.

### COURT'S DISCUSSION

A preliminary injunction is an extraordinary remedy afforded prior to trial and largely at the discretion of the district court. Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982). "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief' . . . 'pay[ing] particular regard for the public consequences in

3

employing the extraordinary remedy of injunction.'" Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (quoting Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987), and Romero-Barcelo, 456 U.S. at 312). A party seeking a preliminary injunction bears the burden of demonstrating each of the following factors: (1) a likelihood of success on the merits of his claim; (2) a likelihood that he will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Id. at 20.

Plaintiffs move to enjoin implementation of the 2011-2012 student assignment plan, contending that the plan creates "racially identifiable" elementary schools and "fails to move the district toward unitary status." (Mot. Injunctive Relief [DE #80] at 11.) Specifically, plaintiffs assert that the plan results in (1) a "non-White population of 88% at Lakeforest, making it a 'racially-isolated' school before it even opens its doors;" (2) disproportionately "non-White" populations at two other elementary schools (Elmhurst and South Greenville), as well as at C.M. Eppes Middle School. (Id. at 11-12.) Plaintiffs claim that projected student proficiency at these four schools is negatively impacted by the 2011-2012 plan and argue that the plan will therefore "continue the vestiges of

4

racial discrimination by steering students of color towards failure" at "[l]ow-performing, non-White schools." (Id. at 12.)

Defendant School Board asserts that the 2011-2012 plan was developed based upon the revised school attendance area policy, which plaintiffs consented to and the court approved in November 2009. It contends that the 2011-2012 plan is a good faith effort to progress toward the ultimate goal of unitary status and that halting implementation of the 2011-2012 plan at this stage is not in the public interest because it would create confusion and uncertainty for students and their families and cause extreme disruption to the effective administration of the Pitt County school system.

The court has carefully considered the parties' arguments and the evidence presented in this case. Based upon its review, the court determines that plaintiffs have failed to demonstrate that the School Board should be enjoined from implementing its 2011-2012 student reassignment plan. In November 2009, this court approved the parties' settlement and the School Board's revised school attendance area policy. The court concluded that the revised policy complies with the Board's obligations under the 1970 desegregation orders entered by this court. The student assignment plan at issue here was prompted by the expected opening of Lakeforest Elementary in the southwest quadrant of Greenville, as well as the need to ease overcrowding

at other area schools. In accordance with the parties' settlement, the School Board held two retreats, on July 1 and October 11, 2010, to which plaintiffs and plaintiffs-intervenors were invited. At these retreats, plaintiffs provided input and participated in the discussions concerning the development of a proposed reassignment plan. While the School Board ultimately rejected the ES-4 plan that plaintiffs maintain better accomplishes the School Board's stated objectives, the record reveals that the School Board utilized a methodical, reasonable and race-neutral process in developing the 2011-2012 reassignment plan. The fact that the plan results in schools that do not reflect the racial composition of the school system as a whole does not mean that the plan is unconstitutional. See Swann v. Charlotte-Mecklenburg Bd. Of Educ., 402 U.S. 1, 25-26 (1971) (concluding that "one-race" schools are not unconstitutional as long as they are not the result of state-enforced segregation). Nor does the evidence establish that the School Board has abandoned its commitment to achieving unitary status, as plaintiffs argue. Based on the record presently before the court, the court determines that plaintiffs have not demonstrated a likelihood of success on the merits of their claim so as to justify the extraordinary relief they request.

Moreover, the implementation of a new student assignment plan in order to accommodate the opening of a new school

requires an extensive amount of administrative work, including staff and faculty assignments throughout the district, development of new school bus routes, providing notice of reassignments to the students affected and their parents, and transferring individual student records. Enjoining implementation of the 2011-2012 plan will certainly cause great disruption to the administration of the Pitt County Schools, which are scheduled to open for the 2011-2012 school year in less than ten days. Given the court's anticipated review of the School Board's progress in achieving unitary status (which is scheduled to take place around December 2012), the court finds that the balance of equities weighs in favor of the defendant School Board and that the best interests of the public would not be served by enjoining implementation of the 2011-2012 plan.

## CONCLUSION

For the foregoing reasons, plaintiffs' Motion for Injunctive and Other Relief [DE #80] is DENIED.

This 16th day of August 2011.

*[signature]*
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31

7

Case 6:69-cv-00702-H   Document 93-1   Filed 08/16/11   Page 7 of 7